STATE OF NORTH CAROLINA v. WILLIAM EARL SESSOMS

No. 85SC832

(Filed 18 February 1986)

**Narcotics § 3.1— substance purchased from defendant—chain of custody**

In a prosecution of defendant for possession with intent to sell and deliver and delivery of a controlled substance, evidence was sufficient to establish a chain of custody and to show that a foil packet purchased from defendant by an undercover agent was received by an SBI chemist who analyzed its contents and determined that the packet contained cocaine.

Judge PARKER concurring in result.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 8 January 1985 in Superior Court, HERTFORD County. Heard in the Court of Appeals 10 February 1986.

Defendant was charged in a proper bill of indictment with the felonious possession with intent to sell and deliver a controlled substance and selling and delivering a controlled substance. At trial, the State offered evidence tending to show that on 18 July 1984, an SBI undercover agent, Lili Johnson, approached defendant and asked him if he would sell her some cocaine. Agent Johnson testified that Sessoms said he would "go and get it" and later returned and said that "he had it." She further testified that she purchased two aluminum foil packets from him for $50.00, which she placed in her pocket and later mailed to the SBI lab. An SBI chemist testified that she analyzed the contents of the packets and that, in her opinion, they contained cocaine.

Defendant testified that although Agent Johnson came to his apartment on 18 July 1984, he did not speak to her and did not sell cocaine to her.

The jury found defendant guilty as charged. From a judgment consolidating the offenses for sentencing and imposing a prison sentence of six years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Robert G. Webb, for the State.*

*Assistant Appellate Defender Geoffrey C. Mangum for defendant, appellant.*

HEDRICK, Chief Judge.

We note at the outset that the appellate defender continues to violate Rule 10(c) of the Rules of Appellate Procedure which in pertinent part provides, "[e]ach assignment of error . . . shall state plainly and concisely and without argumentation the basis upon which error is assigned." The assignments of error are not "plain and concise and without argumentation."

Defendant first undertakes to bring forward and argue questions purportedly raised by assignments of error four, five and six, based on ten exceptions noted in the record. Five of these exceptions have been noted in the record by a stamp bearing the following legend: "No OBJECTION STATED AT TRIAL." Such an exception presents no question for review. The indiscriminate use of such a stamp demonstrates a disregard of our appellate process and we disapprove of such a practice.

Exceptions six and nine, purportedly supporting assignments of error four and five, are noted in the record after defendant was asked a series of questions on cross examination to which defendant did not object. Defendant did, however, object to two specific questions where the court made no ruling. Defendant did not move to strike the answers, which were in no way prejudicial to defendant.

Exception eight, purportedly supporting assignment of error six, relates to an objection to a question asked defendant on cross-examination, which the court sustained. Defendant was hardly prejudiced by this ruling.

Exceptions fifteen and sixteen, also purportedly supporting assignment of error six, relate to the court's allowing the State to offer into evidence and pass to the jury a photograph of defend-

ant, taken subsequent to the time of the events giving rise to the charges for which he was being tried. Defendant has failed to show that the introduction of the photograph was in any way prejudicial.

Assignments of error four, five and six are without merit.

By assignment of error one, based on exception one, defendant contends that the trial court erred in allowing the SBI chemist to testify that the substance she examined was cocaine. Defendant's argument based on this assignment of error does not relate in any way to the witness' competency to testify that the substance she analyzed was cocaine. This assignment of error is without merit.

Finally, based on assignments of error one, two, eight and nine, defendant argues that "the trial court erred in denying defendant's motion to dismiss the charges because the State failed to prove that the substance analyzed by Agent Miller was the same as that taken from defendant or that the substance tested was a controlled substance." Agent Johnson testified that she purchased two aluminum foil packets from defendant for $25.00 each, placed them in her pocket, and later placed them in an "evidence bag" which she labeled with her initials and the case number. She placed the bag in her briefcase and later mailed the bag in a manila envelope to the SBI lab. SBI Chemist Miller testified that she received the envelope in the mail, analyzed the contents, placed her initials and case number on the bag and returned the contents to Agent Johnson. Agent Johnson further testified that upon receiving the bag in the mail, she locked it in her file cabinet until the day of the trial. Both the chemist and the undercover agent identified the bag at trial by their initials and the case number. This evidence is sufficient to establish a chain of custody and to show that the foil packet purchased by Johnson was the substance analyzed by Miller. Miller testified that the substance she received, analyzed, and mailed to Agent Johnson was, in her opinion, "cocaine." This evidence was sufficient for the jury to conclude that defendant sold Agent Johnson a controlled substance in violation of G.S. 90-95.

These assignments of error have no merit.

Crow v. Citicorp Acceptance Co.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judge WEBB concurs.

Judge PARKER concurs in the result.

Judge PARKER concurring in result.

I concur in the result only. By stamping the record with the notation, no objection made at trial, the appellate defender appeared to be following the requirement stated in *State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983) that a party must alert the appellate court that no action was taken by counsel at trial before asserting plain error or that a defect affected a substantial right which may be noticed although not brought to the attention of the trial judge. For this reason, I do not concur in the second paragraph of the majority opinion.